

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Abigail E. Ticse*
*Assistant United States Attorney*
*Abigail.Ticse@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4816*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

April 28, 2022

The Honorable Stephanie A. Gallagher
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

  Re:  United States v. Chad Garman,
      Crim. No. SAG-21-279-01

Dear Judge Gallagher:

  This letter is submitted in advance of the Defendant's sentencing hearing in the above-captioned matter scheduled for May 12, 2022 at 2:00 p.m. On February 10, 2022, the Defendant pled guilty to Counts One, Two, and Four of the indictment, charging him with Conspiracy to Pass and Deal in Counterfeit Obligations and Securities of the United States, in violation of Title 18 U.S.C. § 371; Manufacturing Counterfeit Obligations and Securities of the United States, in violation of Title 18 U.S.C. § 471; and Uttering and Possessing Counterfeit Obligations and Securities of the United States, in violation of Title 18 U.S.C. § 472.

  As calculated in the Presentence Investigation Report ("PSR"), the Defendant's offense level is 14, though the Defendant argues that his offense level is 13. There is no dispute that the Defendant's criminal history places him in Category VI. Therefore, the applicable advisory guidelines range is either 37 to 46 months (for a level 14) or 33 to 41 months (for a level 13) in the Bureau of Prisons.  The Government is seeking a sentence of incarceration at the high end of the sentencing guidelines followed by three years of supervised release.

  This letter shall also serve as notice to the Defendant that the Government intends to call co-defendant, Tina Dempsey, as a witness at the Defendant's sentencing hearing. The Government expects that Ms. Dempsey's testimony will last a total of 30 minutes. The Government's proffer of her expected testimony is set forth below.

  **I.**  **18 U.S.C. § 3553(a) Sentencing Factors**

  Consideration of the sentencing factors outlined at 18 U.S.C. § 3553(a) supports the sentence the Government is seeking.

  First, "the nature and circumstances of the offense and the history and characteristics of the defendant;" under 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense;" under 18 U.S.C. § 3553(a)(2)(A), both justify the sentence that the Government seeks. The offense, manufacturing and passing counterfeit U.S. Federal Reserve notes for profit, is a serious one. Though the Defendant is only charged in the instant offense with passing $1,900 in counterfeit notes, when he was arrested, he admitted to passing approximately $300 to $400 in counterfeit notes each week for six months leading up to his arrest. He further estimated that he manufactured and spent up to $12,000 in counterfeit notes throughout this life.

As to the history and characteristics of the Defendant, his extensive prior criminal history – spanning back to at least 2001 – result in total criminal history points of 26, and a criminal history category of VI. The Defendant has made a living committing thefts, fraud, forgery, and counterfeiting. Indeed, he has nine prior convictions for forgery, counterfeiting, and related crimes. Accordingly, the history and characteristics of the Defendant weigh in favor of a lengthy period of incarceration.

Next, under 18 U.S.C. § 3553(a)(2)(B), there is a need "to afford adequate deterrence to criminal conduct", both to the Defendant and others. As to the Defendant, it is evident based on his history of committing similar crimes throughout his adulthood, that he remains undeterred. Additionally, a sanction needs to be imposed to send a signal to others who would contemplate engaging in fraud that acts as a deterrent. A sentence any lower than the high end of the guidelines will be inadequate to accomplish this objective or have any deterrent effect on the Defendant.

Third, the need "to protect the public from further crimes of the defendant" under 18 U.S.C. § 3553(a)(2)(C) is great. While the Defendant's criminal history contains few violent offenses, he has repeatedly engaged in offense conduct which causes economic harm to real victims. Thus, a lengthy period of incarceration, as well as three years of supervised release, are necessary to protect the public from the Defendant.

Fourth, "the kinds of sentences available" under 18 U.S.C. § 3553(a)(3) also justify the sentence that the Government seeks. The maximum penalty for Count One is five years of incarceration and Counts Two and Four is 20 years of incarceration. A sentence at the high end of the Defendant's guidelines is proper and just.

Fifth, a sentence at the high end of the guidelines helps to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6). Defendant Garman will be the first of four defendants sentenced in this case, and as stated below, started the scheme, controlled the scheme, and manufactured the counterfeit currency used in the scheme. Accordingly, a sentence at the high end of the guidelines will avoid any unwarranted sentence disparities among his co-defendants, as well as others guilty of similar conduct.

## II. Role Adjustment and Proffered Witness Testimony

The Defendant objects to the two-level increase in his offense level in the PSR based on his role as an organizer, leader, manager, or supervisor in the offense, pursuant to U.S.S.G. § 3B1.1(c). The Government agrees that the two-level increase is appropriate. According to the U.S.S.G., in smaller criminal enterprises, "the distinction between organization and leadership,

and that of management and supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility." U.S.S.G. § 3B1.1, cmt. 4. That is reflected in U.S.S.G. § 3B1.1(c).

When determining whether the two-level increase is appropriate for the Defendant's role in the scheme, the Court should consider factors that include the exercise of decision-making authority, the nature of the participation in the commission of the offense, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others. *Id.* Typically, the upward departure is appropriate where a Defendant is the organizer, leader, manager, or supervisor of one or more *participants*, but an upward departure may be warranted in a case where the Defendant exercised management responsibility of the *property, assets, or activities* of a criminal organization. *Id.* at cmt. 2. Here, both are present.

The Government intends to call Tina Dempsey – a co-defendant in this case – as a witness at the Defendant's sentencing hearing to describe his role as an organizer, leader, manager, and/or supervisor of the counterfeit currency scheme. Ms. Dempsey is expected to testify that the Defendant: manufactured the counterfeit currency; approached Ms. Dempsey to pass the money; gave the counterfeit currency to Ms. Dempsey and co-defendant Melissa Warrington; told the women how much, where, and when to pass the counterfeit currency; instructed the women to buy small items with the counterfeit currency and return the legitimate change to him, or to put the counterfeit currency on he and his girlfriend's Green Dot cards; and that all proceeds or items obtained from spending of the counterfeit currency were to be returned to the Defendant. Ms. Dempsey is further expected to testify that all of the counterfeit manufacturing equipment was controlled by the Defendant.

### III.     Conclusion

For the reasons stated in this letter, the Government respectfully requests a sentence of incarceration at the high end of the advisory U.S.S.G. range, to be followed by three years of supervised release, and order restitution in the amount of $1,900.

Very truly yours,

Erek L. Barron
United States Attorney


_____/s/_____
Abigail E. Ticse
Judson T. Mihok
Assistant United States Attorneys